**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KATY PATTON,

Plaintiff,

v. CIVIL ACTION NO. 2:26-cv-00178

CVS PHARMACY, INC., et al.,

Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Before this Court is the motion to dismiss filed by the three named Defendants in this action: (1) CVS Pharmacy, Inc. ("CVS Pharmacy"),[1] (2) CVS Health Corporation, and (3) CVS Pharmacy Store #07604 (collectively, "Defendants"). (ECF No. 4). For the reasons set forth herein, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (ECF No. 4) be **GRANTED IN PART** and **DENIED IN PART**, such that Plaintiff's claims against Defendant CVS

[1] Defendant CVS Pharmacy asserts that it was named incorrectly in the Complaint as "CVS Pharmacy, Inc.," and that it is properly identified as "CVS Pharmacy, LLC." (*See* ECF No. 8 at 1). Accordingly, the Clerk is hereby **ORDERED** to modify the docket to correct the Defendant's legal name as self-identified in its filings.

Health Corporation be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and Plaintiff be permitted to pursue her claims with respect to the remaining named Defendants, CVS Pharmacy and CVS Pharmacy Store #07604.

## I. BACKGROUND

Plaintiff Katy Patton, proceeding pro se, initiated this civil action in the Circuit Court of Wood County, West Virginia, on February 6, 2026. (ECF No. 1-1 at 6). The Complaint named three Defendants: (1) CVS Pharmacy, Inc., identified as "a corporation authorized to do-business in the State of West Virginia"; (2) CVS Health Corporation, "a parent and/or affiliated entity responsible for the operation and control of CVS pharmacies, including the pharmacy at issue"; and (3) CVS Pharmacy Store #07604, identified as "a CVS pharmacy located in Wood County, West Virginia, and engaged in dispensing prescription medications to the public." *Id.* ¶¶ 2-4. Additionally, the Complaint named "Defendant John/Jane Doe Pharmacist(s)," identified as "one or more licensed pharmacists whose identities are currently unknown and who were responsible for dispending Plaintiff's prescription." *Id.* ¶ 5.

In her Complaint, Plaintiff identifies herself as "a customer and patient of Defendants." *Id.* ¶ 8. The Complaint sets forth the following factual allegations:

> 9. On or about February 6, 2024, Plaintiff was dispensed a prescription medication by Defendants at CVS Pharmacy Store #07604.
> 10. Defendants misfilled the prescription, including but not limited to dispensing the incorrect medication, incorrect dosage, and/or incorrect instructions.
> 11. Plaintiff took the medication as dispensed and instructed.
> 12. As a direct and proximate result of the misfilled prescription, Plaintiff suffered injury on or about February 6, 2024.

*Id.* ¶¶ 9-12. Based upon the foregoing allegations, Plaintiff asserts a single claim of "negligence/medical malpractice" against the Defendants on the grounds that they failed

to exercise reasonable care and breached their "duty to dispense prescription medication accurately, safely, and in accordance with accepted professional standards" by misfiling Plaintiff's prescription. *Id.* ¶¶ 16-17.

Defendants removed the action to this Court on March 6, 2026. (ECF No. 1). Subsequently, they filed their subject motion to dismiss on March 13, 2026. (ECF No. 4). In light of Plaintiff's pro-se status, the undersigned entered an order providing notice and an explanation of the procedures that pro-se plaintiffs must follow in preparing and submitting a response to a defendant's motion to dismiss in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (*See* ECF No. 7 at 2-4). Plaintiff filed her response in opposition to the motion on April 23, 2026. (ECF No. 10). Finally, Defendants filed a reply in support of their motion on April 30, 2026. (ECF No. 11). Accordingly, the motion is now ripe for adjudication.

In their motion, Defendants first argue that Plaintiff's claims against one of the three named Defendants—Defendant CVS Health Corporation—should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Finally, Defendants argue that Plaintiff's Complaint should be dismissed in its entirety with respect to all of the named Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the Complaint fails to set forth sufficient factual allegations to state a plausible claim for relief.

## II. LEGAL STANDARD

### A. Rule 12(b)(2) Standard

A party may challenge the court's power to exercise personal jurisdiction over it through a motion under Federal Rule of Civil Procedure 12(b)(2). *Time 2 Shine BMX, LLC*

*v. McEvoy*, 2:25-cv-08265, 2026 WL 607409, at *1 (D.S.C. Mar. 4, 2026). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Id.* (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). However, the plaintiff's burden when confronted with a particular jurisdictional challenge varies depending on the stage of the litigation, the posture of the case, and the evidence before the court. *McEvoy*, 2026 WL 607409, at *1 (citing *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016); *Sec. & Exch. Comm'n v. Receiver for Rex Ventures Grp., LLC,* 730 Fed. App'x 133, 136 (4th Cir. 2018)).

When a court rules on a personal-jurisdiction issue presented in a pretrial motion prior to holding an evidentiary hearing, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *McEvoy*, 2026 WL 607409, at *1 (citing *Combs*, 886 F.2d at 676). In such circumstances, much like when reviewing motions made pursuant to Rule 12(b)(6), "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* In doing so, however, the court need not credit conclusory allegations or draw farfetched inferences. *McEvoy*, 2026 WL 607409, at *1 (citing *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (4th Cir. 2000) (unpublished table decision)). "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *McEvoy*, 2026 WL

607409, at *1 (citing *Hawkins v. I-TV Digitalis Tavkozlesi Zrt.*, 935 F.3d 211, 226 (4th Cir. 2019)).

If the plaintiff's allegations are sufficient to make a *prima facie* case for personal jurisdiction, the court may deny the Rule 12(b)(2) motion and later revisit the question or defer ruling on the motion until the parties have had the opportunity to develop the factual record. *McEvoy*, 2026 WL 607409, at *2 (citing *Combs*, 886 F.2d at 676). District courts have broad discretion to allow discovery to help resolve personal jurisdiction issues, and jurisdictional discovery should normally be permitted "[w]hen the Plaintiff's claim does not appear to be frivolous." *McEvoy*, 2026 WL 607409, at *2 (citing *Mylan Lab'ys Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993)). Yet, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *see also Pandit v. Pandit*, 808 Fed. App'x 179, 183 (4th Cir. 2020) ("Jurisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction."). Moreover, "[a] party is not entitled to discovery that would be futile or otherwise inadequate to establish a sufficient basis for jurisdiction." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016). Once the factual record is developed and presented to the court, either at an evidentiary hearing or at trial, the plaintiff has the burden of proving facts supporting jurisdiction by a preponderance of the evidence. *Grayson*, 816 F.3d at 268.

B. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure (the "Federal Rules") require a plaintiff's

complaint, which is a type of "pleading," to set forth a "short and plain statement of the claim showing that [he or she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this procedural rule is to ensure that a plaintiff's complaint provides the defendant with "fair notice" of the plaintiff's legal claims, and the alleged factual "grounds" for plaintiff's entitlement to relief pursuant to those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *accord Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). Pursuant to Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may challenge the legal sufficiency of a complaint by filing a motion to dismiss, which posits that, even if the facts alleged by the plaintiff are true, the complaint fails to state "a claim upon which relief can be granted" under the applicable law. *Glessner v. Chardan, LLC*, 22-cv-3333, 2023 WL 4351331, at *2 (D. Md. July 5, 2023) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); Fed. R. Civ. P. 12(b)(6)).

To survive a motion to dismiss under this minimal standard, the complaint only needs to set forth enough allegations of fact which, if true, suggest a clearly-identifiable legal claim for relief that "is plausible on its face." *Twombly*, 550 U.S. at 556, 570. For a claim to be "plausible," the complaint does not need to include "detailed factual allegations." *Twombly*, 550 U.S. at 555. Further, a complaint should not be dismissed simply because the actual *proof* of those facts is improbable, because recovery is unlikely, or because the legal theory supporting the claim is not stated perfectly. *Id.*; *accord Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). On the other hand, a complaint may not simply rely on bald accusations, conclusory statements, or mere

speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). The U.S. Supreme Court has explained that if the complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is proper. *Twombly*, 550 U.S. at 555. In other words, it is fundamentally insufficient for a complaint to be made up of nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the complaint must plead facts which move the claim beyond the realm of mere possibility, and allow the court to draw the reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678.

When reviewing a defendant's motion to dismiss, the Court decides whether the complaint met this standard by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to "reasonably infer" that the plaintiff is entitled to the legal remedy he or she seeks. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Additionally, when a plaintiff is proceeding "pro se"—or in other words, without legal counsel—the Court must "liberally construe" the complaint, meaning that it is held to a less stringent standards than if it had been drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, when a potentially-viable complaint is deficient but its shortcomings can be remedied by amendment, the pro-se plaintiff should be given an opportunity to amend the complaint and "particularize" his or her allegations. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant

unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (reversing dismissal and explaining that "claims of legal substance should not be forfeited because of a failure to state them with technical precision").

Nevertheless, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990) (citing *Iqbal*, 556 U.S. at 685 (2009). Likewise, "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("[E]ven a solicitous examination of the allegations reveals little on which federal subject matter jurisdiction may be based.") (internal markings omitted). In other words, the mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him or her, or "conjure up questions never squarely presented" to the Court. *Randolph v. Baltimore City*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). *See also Weller*, 901 F.2d at 391 (affirming dismissal where the "complaint fail[ed] to allege anything that even remotely suggests a factual basis for the claim," and explaining that "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate"). Consequently, the Court may

deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

## III. DISCUSSION

### A. Personal Jurisdiction as to Defendant CVS Health Corporation

In their motion to dismiss, Defendants argue that dismissal is proper pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiff's claim against Defendant CVS Health Corporation ("CVS Health") because the Complaint alleges "only in conclusory fashion that CVS Health 'is a parent and/or affiliated entity responsible for the operation and control of CVS pharmacies, including the pharmacy at issue.'" (ECF No. 5 at 4) (quoting ECF No. 1-1 at 7 ¶ 3). Defendants explain that "mere ownership of a subsidiary subject to jurisdiction in the forum is insufficient to warrant jurisdiction over the parent." (ECF No. 5 at 6) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993)). Additionally, Defendants submitted an affidavit evidencing, *inter alia*, that CVS Health (1) is merely a holding company with no operations unrelated to its status as a publicly traded holding company; (2) has no officers, employees, income, assets, offices, facilities, or operations in West Virginia; (3) is not licensed or registered to do business in West Virginia and has no registered agent for service of process in West Virginia; and (4) has no direct involvement in directing, managing or supervising the operations or the employees of any of its direct or indirect subsidiary companies. (*See* ECF No. 8-1).

In response, Plaintiff does not address any of the bases for Rule 12(b)(2) dismissal

raised by the Defendants' motion. (*See* ECF No. 10). Rather, Plaintiff merely reiterates that "the claims arise from conduct occurring within West Virginia, including the dispensing of medication at a CVS pharmacy located in Wood County, West Virginia." *Id.* at 3 ¶ 6.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Does 1-9 v. Murphy*, 7:20-cv-00947 DCC, 2025 WL 2533961, at *5 (D.S.C. Sept. 3, 2025) (citing Fed. R. Civ. P. 4(k)(1)(A)). Thus, for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied: first, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements. *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 134 (4th Cir. 1996). Because the West Virginia long-arm statute is coextensive with the full reach of due process, the statutory inquiry merges with the Constitutional inquiry. *Wagner v. Regard Recovery, LLC*, 1:24-cv-30, 2025 WL 684400, at *3 (N.D. W. Va. Mar. 3, 2025). Accordingly, the central constitutional question the Court must address is whether Defendant CVS Health has established minimum contacts with West Virginia such that the maintenance of the suit against this Defendant does not offend traditional notions of fair play and substantial justice. *Murphy*, 2025 WL 2533961, at *5 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Viewed through this constitutional lens, personal jurisdiction may arise through either (1) specific jurisdiction, which is based on the conduct alleged in the lawsuit, or through (2) general jurisdiction.[2] To

[2] It is undisputed that general jurisdiction does not apply to the case at hand. The exercise of general jurisdiction over a defendant requires contacts between the defendant and the forum state that are so "continuous and systematic" as to render that defendant "essentially at home in the forum state." *Wagner*,

determine whether specific jurisdiction exists, the Court examines "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (citation omitted).

Pursuant to this standard, it is clear that Plaintiff has failed to satisfy her burden to make a *prima facie* showing of a sufficient jurisdictional basis. *See McEvoy*, 2026 WL 607409, at *1. While Plaintiff's claim "arises from conduct occurring within West Virginia," Plaintiff has provided no evidence or argument giving rise to an inference that any of that conduct in West Virginia is attributable to Defendant CVS Health specifically. Rather, the conduct asserted in the Complaint pertains to the dispensing of prescription medication by the employees/agents of CVS Pharmacy, LLC—a separate legal entity from CVS Health. The law presumes that separately-incorporated companies are legally distinct, and their formal separate corporate structures generally prevent the assertion of personal jurisdiction over a parent unless the parent and its subsidiary act as one entity. *See Adkins v. CSX Transp., Inc.*, 3:18-cv-0321, 2019 WL 3432537, at *1 (S.D. W. Va. July 30, 2019) (citing *Town of Fayetteville v. Law*, 495 S.E.2d 843, 848 (W. Va. 1997)). Plaintiff has failed to address, let alone demonstrate, that CVS Pharmacy, LLC and CVS

---

2025 WL 684400, at *3 (citing *Goodyear v. Dunlop Tires Operations, S.A.*, 564 U.S. 915, 919 (2011)). Generally, a corporation is considered "at home" and subject to general personal jurisdiction only in its state of incorporation and the state in which it has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Here, it is undisputed that Defendant CVS Health is incorporated in the State of Delaware and has its principal place of business in the State of Rhode Island. Nothing in the Complaint or elsewhere on the record gives rise to a reasonable inference that Defendant CVS Health has any contacts—let alone continuous and systematic contacts—with West Virginia. (*See* ECF No. 8-1). Simply put, it is clear under the circumstances that CVS Health is not "essentially at home" in West Virginia.

Health acted as one entity in any manner. As such, dismissal of Plaintiff's claim against CVS Health is proper pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure under the circumstances.

B. Sufficiency of Allegations in Plaintiff's Complaint

Finally, the named Defendants move to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that it contains insufficient factual allegations and impermissibly "consists almost entirely of conclusory statements and formulaic recitations of the elements of a medical malpractice claim without any supporting facts." (ECF No. 5 at 7). Specifically, Defendants argue that the Complaint lacks sufficient factual allegations because it "does not identify: (1) what medication was prescribed by Plaintiff's physician; (2) what medication, if different, was actually dispensed; (3) what the prescribed dosage was versus what was allegedly dispensed; or (4) what instructions were provided and how they differed from the prescribing physician's orders." *Id.* Defendants argue that dismissal is proper as "the Complaint fails to describe with any specificity the specific acts or omissions by CVS Defendants that constitute a deviation from the standard of care." *Id.* at 8. According to the Defendants, Plaintiff's allegation that Defendants breached their duty of care "by misfiling Plaintiff's prescription" is an impermissible "formulaic recitation of the elements of a cause of action, which the Supreme Court in *Twombly* held to be insufficient." (ECF No. 5 at 8) (citing *Twombly*, 550 U.S. at 555).

Under West Virginia law, a medical-malpractice claim has two necessary elements of proof: first, that "[t]he health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the

profession or class to which the health care provider belongs acting in the same or similar circumstances;" and second, that "[s]uch failure was a proximate cause of the injury or death." W. Va. Code § 55-7B-3.

On review, the undersigned **FINDS** that Defendants overstate their argument that Plaintiff's allegations are nothing more than a "formulaic recitation of the elements" of a medical-malpractice claim. (*See* ECF No. 5 at 8). Plaintiff does not merely recite the elements of § 55-7B-3 by alleging baldly that Defendants failed to exercise reasonable care. The information set forth in the Complaint is sufficient to put Defendants on notice of what conduct gave rise to Plaintiff's medical-malpractice claim—the mis-filling of Plaintiff's prescription by the CVS Pharmacy Store #07604 on or about February 6, 2024. A liberal construction of the allegations set forth in Plaintiff's pro-se Complaint sets forth enough factual assertions which, if true, suggest a clearly-identifiable legal claim for relief that is plausible on its face and allow the court to draw the reasonable inference that the defendant is liable. *See, e.g., Franklin v. K-Mart Corp.*, 997 F. Supp. 2d 453, 459, 462 (W.D. Va. 2014) (finding that, because pharmacist had a duty to provide the right medication to the right patient under Virginia law, "a jury could understand . . . that dispensing wrong medication is a breach of a pharmacist's standard of care"). Defendants' emphasis on a need for specificity overstates the plausibility standard set forth by the Supreme Court in *Twombly* and *Iqbal*. Except for allegations of fraud or mistake, a party is not required to state its claims "with particularity." Fed. R. Civ. P. 9(b). The "missing" information identified by Defendants, such as the specific dosage and type of medication dispensed, can be identified in discovery in the unlikely event that information is not already in the possession of the Defendants. Accordingly, the Defendants' motion to

dismiss pursuant to Rule 12(b)(6) should be denied.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (ECF No. 4) be **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's claims against Defendant CVS Health Corporation be **DISMISSED** without prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure; and Plaintiff be permitted to proceed with her medical-malpractice claim against the remaining Defendants.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit

Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

ENTERED: August 10, 2026

Dwane L. Tinsley
United States Magistrate Judge